Mosca v Lalezarian Props., LLC

2026 NY Slip Op 02642

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Carmen Mosca, appellant,

v

Lalezarian Properties, LLC, defendant, Con-Kel Landscaping, Inc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2021-04965, (Index No. 715001/16)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Lillian Wan

Laurence L. Love, JJ.

Sacco & Fillas, LLP, Bayside, NY (Richard Schirmer of counsel), for appellant.

Gallagher, Walker, Bianco & Plastaras, LLP, Mineola, NY (Michael R. Walker of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated June 29, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Con-Kel Landscaping, Inc., which was for leave to reargue that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, which had been denied in an order of the same court dated March 13, 2020, and, upon reargument, in effect, vacated so much of the order dated March 13, 2020, as denied that branch of that defendant's prior motion, and thereupon, granted that branch of that defendant's prior motion.

ORDERED that the order dated June 29, 2021, is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Con-Kel Landscaping, Inc., which was for leave to reargue that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it is denied.

In January 2016, the plaintiff, who was employed as a security guard, allegedly was injured when she slipped on "black ice" in an underground parking garage where she was working. The plaintiff commenced this personal injury action in December 2016 against, among others, the defendant Con-Kel Landscaping, Inc. (hereinafter Con-Kel), the snow removal contractor at the building where the incident occurred.

In an order dated March 25, 2019 (hereinafter the March 2019 order), after the plaintiff failed to comply with multiple previous discovery orders and stipulations, the Supreme Court directed the plaintiff to disclose outstanding discovery. The March 2019 order further stated that if the plaintiff failed to comply, she would be precluded from offering testimony at trial.

In August 2019, Con-Kel moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against it, arguing that it did not have notice of the hazardous condition and that it did not owe the plaintiff a duty of care. The plaintiff opposed [*2]the motion. In an order dated March 13, 2020, the Supreme Court, inter alia, denied that branch of Con-Kel's motion without prejudice to renew upon the completion of discovery.

In November 2020, instead of moving for leave to renew, Con-Kel moved, among other things, for leave to reargue that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Con-Kel argued, inter alia, that the Supreme Court overlooked a material issue of fact and misapprehended the law with respect to the plaintiff's preclusion from testifying at trial, arguing that the March 2019 order prevented the plaintiff from making her prima facie case.

In an order dated June 29, 2021, the Supreme Court, among other things, granted Con-Kel leave to reargue and, upon reargument, in effect, vacated so much of the order dated March 13, 2020, as denied that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, and thereupon, granted that branch of the prior motion. The court determined that the plaintiff would be unable to make out a prima facie case as to liability if she was unable to testify at trial. The plaintiff appeals.

"A motion for leave to reargue 'shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion'" (Garcia v Cali CW Realty Assoc., L.P., 230 AD3d 1231, 1232, quoting CPLR 2221[d][2]). "It is well settled that a motion to reargue is not available to advance a new theory or liability, or to present arguments different from those originally asserted" (Blair v Allstate Indem. Co., 124 AD3d 1224, 1224-1225 [citations omitted]; see Angel v Strulovich, 240 AD3d 647, 650).

Here, Con-Kel did not raise any argument with respect to the plaintiff's preclusion from testifying at trial in its original motion for summary judgment, and thus, improperly raised this argument for the first time in support of its motion for leave to reargue (see Angel v Strulovich, 240 AD3d at 650).

Accordingly, the Supreme Court should have denied that branch of Con-Kel's motion which was for leave to reargue that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it based upon the argument that the plaintiff was precluded from testifying at trial.

BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court